UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

**GOCLIPS LLC** and **Z KEEPERS LLC**,
Florida limited liability companies,

      Plaintiffs,                        Case No.

v.

**COBRA DIAMOND TOOLS NY, INC.,**
d/b/a Brothers Tech USA,              JURY TRIAL DEMANDED

      Defendant.

## COMPLAINT

Plaintiffs, GOCLIPS LLC (hereafter "**GoClips**") and Z KEEPERS LLC (hereafter "**Z Keepers**"); (collectively, the "**Plaintiffs**") for their Complaint against Defendant **COBRA DIAMOND TOOLS NY, INC.**, doing business as Brothers Tech USA (hereafter "**COBRA TOOLS**"); (collectively, the '**Defendants**")and allege as follows:

### NATURE OF THE ACTION

1. Plaintiffs manufacture, market, sell and distribute patented devices better known as *GoClips*® used in anchoring sinks to the underside of hard countertop surfaces (generally referred to as an "**anchoring device**"). Patented *GoClips*® products include the following anchoring devices:



2. Defendant has in the past and continues to unlawfully manufacture, import, market, sell, and/or distribute counterfeit anchoring devices in the United States that are substantially the

1

same as Plaintiffs' patented *GoClips*® products. In this action, Plaintiffs seek damages and to enjoin Defendant's further import and sale of the counterfeit anchoring devices, which Defendant imports into the United States from the manufacturer known as Haiyan Hongtai Metal Products Co. Ltd. (hereafter "**Hongtai Metal**"), which is domiciled and operating in the Peoples Republic of China.

## THE PARTIES

3. Plaintiff Z Keepers is Florida limited liability company. Z Keepers provides manufacturing services for sink-anchoring products for the granite countertop industry, including *GoClips*® products.

4. Plaintiff GoClips is a Florida limited liability company. GoClips is a distributor for sink-anchoring products for the granite countertop industry that are manufactured through Plaintiff Z Keepers.

5. Defendant Cobra Tools is a New York corporation operating and doing business in New York, which is believed to have its principle place of business in College Point, New York, which is believed to be owned and operated by its principal Jae Myung You.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) insofar as this is a civil action for patent infringement arising under the *Patent Act*, 35 U.S.C. §§ 271 *et seq*.

7. This Court has personal jurisdiction over Defendant because Defendant engaged in substantial and not isolated activity within New York consisting of the importing, marketing, sale, and distribution of devices that infringe the patent at issue in this Complaint.

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b)(1, 2) and 1400 insofar as (i) Defendant regularly conducts business in this District, (ii) a substantial part of the events giving rise to this action occurred in this District, and (iii) this case arises out of acts of infringement that Defendant committed within this District.

## FACTS COMMON TO THE CLAIMS PLED

### The '754 Patent

9. David Smith ("Smith") is a graduate of Georgia Institute of Technology and the inventor of *GoClips*® products. Smith spent decades in the home construction and remodeling industry, developing several products used by both professional installers and "Do-It-Yourself" (DIY) project enthusiasts, including anchoring devices used to affix sinks to countertops. Smith filed the application for his invention, described as "Sink Clamp and Methods," on or about December 10, 2014.

10. On November 28, 2017, U.S. Patent No. 9,828,754 (the "'**754 patent**"), was issued by the United States Patent and Trademark Office ("**USPTO**") in the name of David Smith, entitled "Sink Clamp and Methods." A true copy of the '754 patent is attached as **EXHIBIT A**.

11. The '754 Patent describes and claims, among other things, a clamp and clamping method for undermounting a sink to a hard surface. All right, title and interest in the '754 patent has been assigned to Z Keepers as recorded with the USPTO.

12. Plaintiff GoClips has been granted marketing, sale and distribution rights for the invention claimed in the '754 patent.

13. Plaintiffs manufacture, market, sell and distribute *GoClips*® devices, which duly embody the claims of the '754 patent, including those depicted in paragraph 1 above.

14. Plaintiffs have advertised, marketed, and otherwise promoted the *GoClips®* undermount sink anchors in print media, on the internet (see e.g. https://www.youtube.com/watch?v=lxJU5LH8MkQ

http://www.goclips.com/, and https://www.amazon.com/GoClips-5-Second-Anchors-Undermount-Sinks/dp/B00YT822FU/ref=sr_1_2?crid=NCCDZ3GVOLE2&keywords=goclips&qid=1692206302&sprefix=goclips%2Caps%2C119&sr=8-2,

as well as at tradeshows and through their distribution network. By virtue of Plaintiffs' promotion of the *GoClips®* products, they have become well known in the industry as associated with Plaintiffs, earning Plaintiffs valuable and residual goodwill and reputation in the minds of industry participants for being the source for *GoClips®* devices.

15. Plaintiffs have established unique marketing for *GoClips®* products which consists of a combination of images and video clips showing these *GoClips®* devices in use in different installation settings, employing the advertising slogan "5 second anchors", and certain distinctive advertising verbiage on their ease of use. Examples are:







16. As claimed in the '754 patent, patented *GoClips*® devices are slot-based, sink anchors, which provide granite manufacturers and installers, home improvement companies, plumbers and DIY consumers with a novel way to securely undermount sinks to granite and other

5

hard countertop surfaces, quickly, easily and inexpensively, without interfering with under cabinet storage space or utility. Because of their reliability, ease of use, strength, nominal profile, and low cost, *GoClips®* devices quickly gained a foothold among countertop manufacturers and installers, plumbers, sink installers, and DIY consumers as a secure, efficient, and low-cost way to undermount sinks to countertop surfaces.

17. Prior to patent grant, Plaintiff GoClips marked its product packaging "Patent Pending" to notify buyers of the pending patent application. Following the USPTO's issuance of the '754 patent, *GoClips'* product packaging was modified to reflect the patent numbers issued by the USPTO, and *GoClips®* products have been so marked ever since.

18. Defendant operates under the fictitious name "Brothers Tech USA", and is a manufacturer, marketer and/or distributor of tooling and devices used in the fabrication and installation of granite and natural stone countertops. A true and correct copy of Defendant's business alias registered with the State of New York is attached as **EXHIBIT B**. Defendant has established a manufacturing and/or distribution niche in the sink clip market space by copying the inventions of others, including Smith's invention claimed in the '754 patent.

19. Defendant has manufactured, marketed and imported knockoff devices which Defendant calls "Pro Clips", and "Quick Clips" which are substantially similar and nearly identical to authentic patented GoClips® products, and which Defendant obtains from Defendant's manufacturing partner Haiyan Hongtai Metal Products Co., LTD ("**Hongtai Metal**"), in the mainland of the People's Republic of China, and Defendant has sold and distributed them in the United States. A true copy of Defendant's catalog marketing the knockoff devices described as "Pro Clips" is attached as **EXHIBIT C**.

6



20. Upon information and belief, Defendant has imported into the United States and distributed these knockoff devices which infringe on the '754 patent to buyers within the United States. An example of Defendant's sale and distribution of the knockoff "Pro Clips" devices in the United States is reflected in **EXHIBIT D**.

21. The counterfeit anchoring devices which Defendant manufactures and imports into the United States and markets, sells and distributed throughout the United States embody all of the claims of the '754 patent as reflected in the Claim Chart attached as **EXHIBIT E**. In size, shape, and appearance, the knockoff devices, which Defendant manufactures, imports to the United States, sells and distributes under the name "PC PRO CLIPS" and "Quick Clips" are the same in function and in substantially the same form to authentic *GoClips*® devices, thus infringing the '754 patent. See **EXHIBIT E**.

22. Defendant's misconduct described herein is knowing, willful and deliberate. Defendant has purposefully targeted GoClips' customers with Defendant's counterfeit anchoring devices depicted above with a design to put Plaintiffs out of business.

23. Defendant has undercut Plaintiffs' marketing, sales, and distribution efforts, sowing confusion in the United States by pumping counterfeits of GoClips' products into the United States stream of commerce.

24. Defendant has knowingly taken unfair advantage of the goodwill that Plaintiffs have established with *GoClips®* products in the United States, in order to trade upon the trust consumers and market participants possess in the strength, speed and efficacy of the authentic *GoClips®* products.

25. Upon information and belief, Defendant continues to violate Plaintiffs' rights with respect to the '754 patent and continues to damage Plaintiffs by manufacturing and importing into the United States, then marketing, selling and distributing knockoff products under the tradename "PRO CLIPS" and "Quick Clips", and upon information and belief, Defendant's infringing conduct will continue if not enjoined.

26. Plaintiffs have been irreparably harmed by Defendant's misconduct.

27. Plaintiffs have retained the undersigned counsel to represent them in this action and have agreed to pay said counsel a reasonable fee.

28. All requisite conditions for the filing of this action have occurred or have been waived by Defendant.

**COUNT I – INFRINGEMENT OF THE '754 PATENT**

29. Plaintiffs adopt by reference paragraphs 1 through 28 of this Complaint as though more fully set forth herein.

30. This is an action for patent infringement against Defendant pursuant to 35 U.S.C. §§ 271 *et seq.*

31. Defendant has willfully, deliberately, and intentionally infringed the '754 patent. Defendant's infringing conduct constitutes literal infringement of the '754 patent and/or infringement under the doctrine of equivalents.

32. On information and belief, Defendant intends to continue its infringing activities described herein.

33. Defendant's knockoff products are near identical copies of Plaintiffs' *GoClips*® devices, and Defendant's knockoff products have no alternate, non-infringing use.

34. Defendant has been placed on notice of the '754 patent and is on notice of Plaintiffs' *GoClips*® products and yet continued to infringe the '754 patent.

35. Defendant's acts as described above have been without right, license, or permission from Plaintiffs.

36. Defendant's willful, deliberate, and intentional infringement of the '754 patent has caused the Plaintiff irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

37. Defendant's willful, deliberate, and intentional infringement of the '754 patent entitles the Plaintiffs to recover, among other things, their treble damages, reasonable attorneys' fees, and costs under 35 U.S.C. §§ 284 and 285.

38. Plaintiffs have no adequate remedy at law without the intervention of this Court, and monetary damages alone are insufficient to compensate Plaintiffs. Accordingly, in addition to damages, Plaintiffs are entitled to preliminary and/or permanent injunctive relief.

WHEREFORE, Plaintiffs respectfully request that this Court:

(i) Enter judgment in favor of Plaintiffs and against Defendant for the infringement of the '754 patent;

(ii) Enter judgment in favor of Plaintiffs and against Defendant for willfully infringing the '754 patent;

(iii) Enter judgment in favor of Plaintiffs and against Defendant for damages for patent infringement under 35 U.S.C. § 284, pre and post judgment interest, and awarding Plaintiff recovery of their costs;

(iv) Award Plaintiffs enhanced damages under 35 U.S.C. § 284 for Defendant's willful infringement of the '754 patent;

(v) Award Plaintiffs recovery of their costs for bringing this lawsuit, including litigation expenses, and expert witness fees as the prevailing party;

(vi) Enter an order declaring this case exceptional under 35 U.S.C. § 285 and a judgment in favor of Plaintiffs requiring Defendants to pay Plaintiffs reasonable attorneys' fees, litigation expenses, expert witness fees, and costs;

(vii) Enter an order preliminarily enjoining and a judgment permanently enjoining Defendant, Defendants' officers, agents, employees, affiliates, subsidiaries, franchisees, distributors, customs brokers, importers, customers and all persons and entities acting in concert with the Defendant, or on behalf of the Defendants from making, exporting to the United States, importing into the United States, marketing, using, selling, offering for sale, or selling the counterfeit GoClips products and any other product that infringes any claim of the '754 patent;

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury on all issues so triable.

| | |
|---|---|
| Dated: February 19, 2026<br>New York, NY | **PIERSON FERDINAND LLP**<br><br>*/s/ Matthew C. DeFrancesco*<br>Matthew C. DeFrancesco, Esq.<br>1270 Avenue of the Americas, 7th Fl. - 1050<br>New York, NY 10020<br>Tel: (914) 299-1139<br>Matthew.DeFrancesco@pierferd.com<br>Attorneys for Plaintiff |